■ DAVID L. CAMPBELL, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendants. [611 NYS2d 248] —In an action to recover damages for personal injuries, the City of New York appeals from an order of the Supreme Court, Queens County (Nahman, J.), dated December 20, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and granted the plaintiff's cross motion to deem his notice of claim, which was timely served upon the City, to have been timely served upon the Board of Education nunc pro tunc.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, the cross motion is denied, and the complaint is dismissed insofar as it is asserted against the City.

The Education Law provides that service of a notice of claim in compliance with General Municipal Law § 50-e is a prerequisite to the maintenance of a tort action against the Board of Education *(see,* Education Law § 3813 [2]). Here, the plaintiff served a notice of claim upon the City but neglected to serve the Board of Education. The Supreme Court held that the notice of claim served upon the City should be deemed timely

served, nunc pro tunc, upon the Board of Education. However, it is well-settled that the Board of Education and the City of New York are separate and distinct entities and service of a notice of claim upon the City shall not constitute service upon the Board (see, *Gold v City of New York,* 80 AD2d 138, 140; *Salner v City of New York,* 12 AD2d 771). Similarly, the Supreme Court improvidently exercised its discretion in holding that the City was estopped from asserting that it was an improper party. Estoppel against a municipality will only lie when the municipality's conduct was calculated to, or negligently did, mislead or discourage a party from serving a timely notice of claim and when that conduct was justifiably relied upon by that party (see, *Matter of Rieara v City of New York Dept. of Parks & Recreation,* 156 AD2d 206, 207). Here, the City's answer clearly indicated that while it owned the subject property, "the Board of Education, a public education corporation operates, maintains and controls" the public school where the subject accident occurred. Accordingly, we find that the Supreme Court erred in concluding that the City negligently prevented the plaintiff from making a motion to serve a late notice of claim on the Board of Education.

Since there is no triable issue of fact regarding liability on the City's part, its motion for summary judgment should have been granted. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.