■ LARAINE GOLDMAN, Appellant, v CITY OF NEW YORK, Respondent. [732 NYS2d 78] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), dated January 2, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion to amend the summons and complaint to name the New York City Board of Education as an additional defendant.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she fell while descending a step from a restroom at Public School 33 in Queens Village. She served a timely notice of claim upon the City of New York and the New York City Board of Education (hereinafter the Board of Education). Thereafter, she timely commenced an action solely against the City of New York. The City moved for summary judgment dismissing the complaint on the ground that it was not a proper party to the action. The plaintiff cross-moved to amend the complaint to name the Board of Education as a defendant, alleging that it was united in interest with the City of New York, and thus, notwithstanding the expiration of the one-year and 90-day Statute of Limitations period, she was entitled to amend the pleading under the "relation back" rule of CPLR 203 (b).

Although the City retains title to real property acquired for educational purposes, it has no responsibility for the care, custody, control, and safekeeping of school property, and actions concerning school property must be brought against the Board of Education (*see,* Education Law § 2554 [4]; New York City Charter, ch 20, § 521 [a], [b]). Accordingly, the City is not, as a matter of law, a proper party to this litigation, and the Supreme Court properly granted the motion for summary judgment (*see,* CPLR 3212; *Zuckerman v City of New York,* 49 NY2d 557).

Furthermore, the Supreme Court properly denied the plaintiff's cross motion to add the Board of Education as a de-

fendant since the Statute of Limitations had expired (*see,* General Municipal Law § 50-i [1] [c]). It is well settled that the Board of Education and the City of New York are separate and distinct entities, and they are not united in interest in this case (*see,* Education Law § 2554 [4]; *Divisich v Marshall,* 281 NY 170; *cf., Awad v City of New York,* 278 AD2d 441; *Campbell v City of New York,* 203 AD2d 504). Since these entities are not united in interest, the relation-back doctrine does not apply (*see,* CPLR 203 [b]; *Buran v Coupal,* 87 NY2d 173; *Brock v Bua,* 83 AD2d 61, 69-70; *cf., Steward v New York City Hous. Auth.,* 205 AD2d 606, 607; *Gagliardi v New York City Hous. Auth.,* 88 AD2d 610, 611).

The plaintiff's remaining contention is without merit. Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.