■ SAUL CRUZ, Respondent, v CITY OF NEW YORK et al., Appellants. [733 NYS2d 112] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Mastro, J.), entered June 14, 2000, which granted the plaintiff's motion for summary judgment on the issue of liability, and denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion which was for summary judgment on the issue of liability against the defendant City of New York and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the cross motion which was to dismiss the complaint insofar as asserted against the defendant City of New York and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, the complaint insofar as asserted against the defendant City of New York is dismissed, and the action against the remaining defendant is severed.

The plaintiff was a member of the Tottenville High School varsity football team. On the day of his accident, he was practicing a play under the supervision of his coaches when he ran into a push sled that was approximately three or four feet from the sideline. The push sled is a piece of equipment used to teach blocking techniques, made of metal and weighing more than 200 pounds. It was customarily kept as far away from the playing field as possible, behind the end zone, specifically to avoid a collision between a player and the equipment. On that day, however, it had been left on the sideline after the varsity practice had begun.

"[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are

inherent in and arise out of the nature of the sport generally and flow from such participation," including the risks associated with the playing field and any open and obvious conditions on it (*Morgan v State of New York,* 90 NY2d 471, 484; *see, Maddox v City of New York,* 66 NY2d 270, 277). A participant does not, however, assume risks which are unreasonably increased (*see, Morgan v State of New York, supra,* at 485; *Benitez v New York City Bd. of Educ.,* 73 NY2d 650, 658).

In his motion for summary judgment on the issue of liability, the plaintiff established that the push sled was negligently left on the sideline and that he did not assume the risk of an injury caused by a collision with the sled since its location "created a dangerous condition over and above the usual dangers" inherent in the sport of football (*Owen v R.J.S. Safety Equip.,* 79 NY2d 967, 970; *see, Clark v State of New York,* 245 AD2d 413). In opposition, the defendants failed to present evidence sufficient to raise a triable issue of fact. Accordingly, summary judgment was properly granted to the plaintiff against the defendant Board of Education of the City of New York.

However, the complaint should have been dismissed insofar as asserted against the defendant City of New York (hereinafter the City). The City cannot be held liable for the plaintiff's injuries since it did not operate, maintain, or control the playing field where the accident occurred (*see, Campbell v City of New York,* 203 AD2d 504). Santucci, J. P., Altman, Townes and Crane, JJ., concur.