■ CLAYTON INDUSTRIES, INC., Appellant, v CITY OF NEWBURGH, Respondent. [792 NYS2d 586]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated May 28, 2003, which

granted the defendant's motion to dismiss the complaint, and denied its cross motion, inter alia, in effect, for leave to serve a late notice of claim with respect to the first, second, third, and fifth causes of action, (2) from a judgment of the same court dated July 5, 2003, which, upon the order, dismissed the complaint, and (3), as limited by its brief, from so much of an order of the same court dated August 27, 2003, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated May 28, 2003, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the fourth cause of action; as so modified, the judgment is affirmed, without costs or disbursements, the fourth cause of action is reinstated, that branch of the defendant's motion which was to dismiss the fourth cause of action is denied, and the order dated May 28, 2003, is modified accordingly; and it is further,

Ordered that the appeal from so much of the order dated August 27, 2003, as, upon reargument, adhered to so much of the original determination as granted that branch of the defendant's motion which was to dismiss the fourth cause of action is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated August 27, 2003, is affirmed insofar as reviewed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

Under section C6.47 of the City Charter for the City of Newburgh, the plaintiff was required to serve a notice of claim within three months after the accrual of its claim as a condition precedent to maintaining an action against the municipal defendant. Here, the plaintiff served its notice of claim on November 26, 2002, which was more than three months after the accrual of its claims under the first, second, third, and fifth causes of action. Therefore, inasmuch as the plaintiff failed to timely serve a notice of claim with respect to those causes of action, the Supreme Court properly dismissed those causes of action (see Suburban Restoration Co. v Wappingers Cent. School Dist., 256 AD2d 572 [1998]).

However, the plaintiff timely served its notice of claim in ac-

cordance with section C6.47 of the City Charter for the City of Newburgh with respect to the fourth cause of action, which sought to recover payment for extra work it completed after the termination of the contract. Therefore, the Supreme Court erred in dismissing the fourth cause of action.

The plaintiff's remaining contentions are without merit. Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.