■ Sheryl Goldes et al., Respondents, v City of New York, Appellant, and New York City School Construction Authority et al., Respondents. [797 NYS2d 102]—

In an action to recover damages for personal injuries, etc., the defendant City of New York appeals from an order of the Supreme Court, Queens County (Flug, J.), dated April 30, 2004, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, the complaint and all cross claims insofar as asserted against the defendant City of New York are dismissed, and the action against the remaining defendants is severed.

The defendant City of New York contends that it was entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We agree. Pursuant to Education Law § 2554 (4) and New York City Charter, chapter 20, § 521 (a), the care, custody, and control of all school property is the responsibility of the New York City Board of Educa-

tion, which is a separate and distinct entity from the City (*see Goldman v City of New York*, 287 AD2d 689 [2001]; *Awad v City of New York*, 278 AD2d 441 [2000]). Accordingly, the City cannot be held liable for the negligent maintenance of school property (*see Cruz v City of New York*, 288 AD2d 250 [2001]; *Goldman v City of New York, supra; Awad v City of New York, supra*). Furthermore, the evidence submitted by the City in support of its motion established that it did not affirmatively create the dangerous conditions which allegedly caused the injured plaintiff's accident. Although a codefendant opposed the motion upon the ground that discovery had not been completed, its mere hope that evidence of affirmative negligence might be uncovered through the discovery process was insufficient to warrant denial of the motion pursuant to CPLR 3212 (f) (*see Neryaev v Solon*, 6 AD3d 510 [2004]; *Spatola v Gelco Corp.*, 5 AD3d 469 [2004]; *Connecticut Indem. Co. v Travelers Ins. Co.*, 300 AD2d 530 [2002]). Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.