■ RANDEE BLEIBERG et al., Respondents, v CITY OF NEW YORK et al., Appellants. [842 NYS2d 76]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Ruditzky, J.), entered February 10, 2006, which, upon the denial of their motion, in effect, pursuant to CPLR 4401 for judgment as a matter of law, made at the close of evidence, upon a jury verdict awarding the plaintiff Randee Bleiberg damages in the sums of $40,000 for past pain and suffering, $150,000 for future pain and suffering, $35,000 for past loss of earnings, $17,000 for past medical expenses, and $150,000 for future medical expenses, and awarding the plaintiff Bruce Bleiberg the sums of $20,000 for past loss of services and $30,000 for future loss of services, and upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the plaintiffs and against them in the principal sum of $442,000.

Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff Randee Bleiberg for future medical expenses; as so modified, the judgment is affirmed, with costs, and a new trial is granted on the issue of damages for future medical expenses, unless within 30 days after service upon the plaintiff Randee Bleiberg of a copy of this decision and order, she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future medical expenses from the sum of $150,000 to the sum of $75,000, and to the entry of an amended judgment accordingly; in the event that she so stipulates, then the judgment, as so modified, reduced, and amended, is affirmed, without costs or disbursements.

The plaintiff Randee Bleiberg allegedly was injured when the heel of her left shoe became caught in a hole in the concrete landing at the foot of a stairway leading to Public School 100, causing her to fall. The hole, which was 1³/₈ inches in diameter and several inches deep, was used to secure the school's gate,

and was created by setting a length of pipe into the concrete landing and pouring concrete around it.

The Supreme Court properly denied the motions of the defendant City of New York pursuant to CPLR article 44 to dismiss the action insofar as asserted against it, made on the ground, inter alia, that it had no responsibility for the care, custody, control, and safekeeping of school property. At the time of the accident, all school property was under the exclusive care, custody, and control of the Board of Education, an entity separate and distinct from the City (*see* Education Law § 2554 [4] [as such provision read prior to the effective date of L 2002, ch 91]; NY City Charter, ch 20, § 521 [a]). Nevertheless, the City, as the owner of the premises, had a status equivalent to an out-of-possession landlord, and therefore still could be held liable for injuries caused by a dangerous condition which it affirmatively created (*see Torres v West St. Realty Co.,* 21 AD3d 718, 721 [2005]; *Davison v Wiggand,* 259 AD2d 799 [1999]). Contrary to the City's contention, the record in this case contains sufficient evidence from which rational jurors could infer, as the jury here did, that the City created the dangerous condition. Also contrary to the City's contention, the plaintiffs' notice of claim in this case specifically alleged, inter alia, that the City created the dangerous condition.

The defendants' contention that the hole was trivial as a matter of law is without merit. Based on the evidence adduced at trial regarding the dimensions and location of the hole, a jury could rationally conclude that it was a dangerous condition (*see Trincere v County of Suffolk,* 90 NY2d 976, 977 [1997]).

The defendants' contention that the verdict as to negligence was inconsistent is unpreserved for appellate review because they failed to object to the verdict on that ground prior to the discharge of the jury (*see Jamal v Gohel,* 25 AD3d 587, 588 [2006]). In any event, the contention is without merit (*see Cona v Dwyer,* 292 AD2d 562, 563 [2002]).

Based on the evidence adduced at trial, however, we find that the award of $150,000 for future medical expenses is excessive to the extent indicated (*see Lloyd v Russo,* 273 AD2d 359, 360 [2000]).

The defendants' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Florio, Fisher and Dillon, JJ., concur.