■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLEN MACK, Appellant, v WARDEN, RIKERS ISLAND CORRECTIONAL FACILITY, et al., Respondents. [864 NYS2d 918]—Order, Supreme Court, Bronx County (Caesar Cirigliano, J.), entered December 18, 2006, which dismissed petitioner's application for a writ of habeas corpus, unanimously affirmed, without costs.

Petitioner concedes he was convicted of crimes on the basis of conduct that gave rise to new charge No. 8, for which he was not afforded a preliminary hearing. Since that basis for revocation superseded the issues raised at the revocation hearing, his current procedural challenge is moot (*People ex rel. Johnson v Russi*, 258 AD2d 346 [1999], *appeal dismissed and lv denied* 93 NY2d 945 [1999]; *Matter of Bennett v Kelly*, 251 AD2d 776 [1998], *lv denied* 92 NY2d 811 [1998]), and this proceeding was properly dismissed. Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.

■ JUNE BAILEY, Appellant, v CITY OF NEW YORK, Respondent. [866 NYS2d 66]—Order, Supreme Court, Bronx County (Paul Victor, J.), entered on or about August 22, 2007, which, insofar as appealed from as limited by the briefs, granted defendant City of New York's cross motion to dismiss the complaint, unanimously affirmed, without costs.

Dismissal of the complaint was appropriate, since the City is not a proper party to this action where plaintiff sustained injuries as a result of tripping and falling on public school grounds. Although the 2002 amendments to the Education Law (L 2002, ch 91) provide for greater mayoral control over education in the City and limit the powers of the Department/Board of Education, they do not establish a basis to hold the City liable for the personal injuries sustained by plaintiff (*see Perez v City of New York*, 41 AD3d 378 [2007], *lv denied* 10 NY3d 708 [2008]). Concur—Lippman, P.J., Andrias, Saxe, Sweeny and DeGrasse, JJ.