■ STEFAN LEACOCK, Appellant, v CITY OF NEW YORK, Respondent. [877 NYS2d 420]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 15, 2008, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, City of New York, established its prima facie entitlement to judgment as a matter of law in this action arising from a slip-and-fall accident by showing that the accident occurred on public school premises, and that it does not operate, maintain, or control the public schools (*see Goldes v City of New York,* 19 AD3d 448, 449 [2005]; *Cruz v City of New York,* 288 AD2d 250 [2001]; *Awad v City of New York,* 278 AD2d 441 [2000]; *Campbell v City of New York,* 203 AD2d 504, 505 [1994]), which fall under "the exclusive care, custody and control of the [New York City] Board of Education, an entity separate and distinct from the City" (*Bleiberg v City of New York,* 43 AD3d 969, 971 [2007]; *see* NY City Charter § 521; Education Law § 2590-b [1] [a]; *Corzino v City of New York,* 56 AD3d 370, 371 [2008]; *Perez v City of New York,* 41 AD3d 378 [2007]; *Nacipucha v City of New York,* 18 Misc 3d 846, 853-854 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, summary judgment was properly awarded to the City since it cannot be held liable for the negligent maintenance of school property (*see Goldes v City of New York,* 19 AD3d at 449; *Cruz v City of New York,* 288 AD2d at 250; *Goldman v City of New York,* 287 AD2d 689 [2001]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Angiolillo and Balkin, JJ., concur.