■ Michael Myers, Appellant, v City of New York, Respondent, et al., Defendant. [882 NYS2d 306]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated April 23, 2008, as granted that branch of the cross motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted summary judgment to the defendant City of New York dismissing the complaint insofar as asserted against it in this action involving an accident which

occurred on public school premises, since the City does not operate, maintain, or control the school (*see Leacock v City of New York,* 61 AD3d 827 [2009]; *Goldes v City of New York,* 19 AD3d 448, 449 [2005]; *Cruz v City of New York,* 288 AD2d 250 [2001]; *Campbell v City of New York,* 203 AD2d 504, 505 [1994]; *Awad v City of New York,* 278 AD2d 441 [2000]), which falls under "the exclusive care, custody and control of the [New York City] Board of Education, an entity separate and distinct from the City" (*Bleiberg v City of New York,* 43 AD3d 969, 971 [2007]; *see* NY City Charter § 521; Education Law § 2590-b [1] [a]; *Corzino v City of New York,* 56 AD3d 370, 371 [2008]; *Bailey v City of New York,* 55 AD3d 426 [2008]; *Villaseca v City of New York,* 48 AD3d 218, 219 [2008]; *Perez v City of New York,* 41 AD3d 378 [2007]). The plaintiff's reliance on *Bleiberg v City of New York* (43 AD3d 969 [2007]) is misplaced. In *Bleiberg,* the Court noted that the City's liability as an out-of-possession landlord was founded on sufficient proof to establish that the City had affirmatively created the dangerous condition which caused the plaintiff's injuries (*see Bleiberg v City of New York,* 43 AD3d at 971). Here, there is no such proof and, in opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, summary judgment was properly awarded to the City since it cannot be held liable for the alleged negligent maintenance of school property (*see Goldes v City of New York,* 19 AD3d at 449; *Cruz v City of New York,* 288 AD2d at 250; *Goldman v City of New York,* 287 AD2d 689 [2001]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.