■ NAQUAN McCLAIN et al., Appellants, v CITY OF NEW YORK, Respondent. [884 NYS2d 865]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated August 4, 2008, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the facts alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Applying these principles, the Supreme Court properly granted that branch of the motion of the defendant, City of New York, which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Although the plaintiffs sought to hold the City vicariously liable for certain allegedly negligent and intentional acts and omissions of certain employees of the New York City Board of Education (hereinafter the Board of Education), there is no basis for holding the City vicariously liable for the actions of employees of the Board of Education, "an entity separate and distinct from the City" (Bleiberg v City of New York, 43 AD3d 969, 971 [2007]; see Leacock v City of New York, 61 AD3d 827 [2009]; Perez v City of New York, 41 AD3d 378, 378-379 [2007]). Prudenti, P.J., Miller, Covello and Austin, JJ., concur.