■ BRIDGET INDAR, Appellant, v CITY OF NEW YORK, Respondent. [897 NYS2d 156]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Miller, J.), entered April 3, 2009, as denied that branch of her motion which was for leave to serve a late notice of claim upon certain nonparties, and granted the defendant's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, (2) from a judgment of the

same court entered May 26, 2009, which, upon the order, dismissed the complaint, and (3), as limited by her brief, from so much of an order of the same court entered July 9, 2009, as, upon renewal and reargument, adhered to the original determination in the order entered April 3, 2009.

Ordered that the appeal from the order entered April 3, 2009, is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order entered July 9, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order entered April 3, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *Clayton Indus., Inc. v City of Newburgh*, 17 AD3d 309, 310 [2005]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to serve a late notice of claim upon the New York City Board of Education and the New York City Department of Education (hereinafter together the Board). The plaintiff failed to establish that the Board had "actual notice of the essential facts constituting the claim" within 90 days after her accident or within a reasonable time thereafter (General Municipal Law § 50-e [5]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 150 [2008]; *Casias v City of New York*, 39 AD3d 681, 682-683 [2007]; *Matter of Carpenter v City of New York*, 30 AD3d 594, 595 [2006]). While the Board was arguably on notice that the plaintiff had been involved in an accident and sustained injuries, there was no information in the documents submitted by the plaintiff in support of her motion that would have informed the Board of the essential facts constituting her claim (*see Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838, 839 [2008]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041, 1042 [2008]; *Matter of Grande v City of New York*, 48 AD3d 565, 566 [2008]).

The plaintiff also failed to demonstrate a reasonable excuse for her delay in seeking to serve a notice of claim on the Board (*see Matter of Welch v New York City Hous. Auth.*, 7 AD3d 805 [2004]; *Igneri v New York City Bd. of Educ.*, 303 AD2d 635, 636 [2003]). The plaintiff knew immediately after the accident that

she had injured her left knee, which ultimately rendered her unable to work for almost eight months after the accident. Moreover, her ignorance of the need to sue the Board, instead of the defendant City of New York, was not a reasonable excuse for her failure to timely serve the notice of claim (*see Casias v City of New York*, 39 AD3d at 683; *Matter of Brito v City of New York*, 237 AD2d 286, 287 [1997]; *Matter of O'Dowd v City of New York*, 226 AD2d 642 [1996]). Finally, the plaintiff failed to demonstrate that the Board was not substantially prejudiced in maintaining its defense on the merits as a result of the delay (*see Matter of Dumancela v New York City Health & Hosps. Corp.*, 32 AD3d 515, 516 [2006]; *Breeden v Valentino*, 19 AD3d 527, 528 [2005]).

In addition, the Supreme Court properly granted the City's cross motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, since this action involved an accident which occurred on public school premises, and the City does not operate, maintain, or control the school (*see Myers v City of New York*, 64 AD3d 546, 547 [2009]; *Leacock v City of New York*, 61 AD3d 827 [2009]; *Goldes v City of New York*, 19 AD3d 448, 449 [2005]; *Cruz v City of New York*, 288 AD2d 250 [2001]), which falls under "the exclusive care, custody, and control of the Board of Education, an entity separate and distinct from the City" (*Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]; *see* New York City Charter § 521; Education Law § 2590-b [1] [a]; *Corzino v City of New York*, 56 AD3d 370, 371 [2008]; *Bailey v City of New York*, 55 AD3d 426 [2008]; *Villaseca v City of New York*, 48 AD3d 218, 219 [2008]; *Perez v City of New York*, 41 AD3d 378, 379 [2007]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.