■ DERICK MINER, an Infant, by His Mother and Natural Guardian, NICOLE MINER, et al., Appellants, v CITY OF NEW YORK, Respondent. [911 NYS2d 109]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated August 25, 2009, which denied their motion for leave to supplement and amend the summons and complaint to add the New York City Board of Education as a defendant or, in the alternative, to disregard as an irregularity the failure to name the New York City Board of Education in the notice of claim, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to supplement and amend the summons and complaint to add the New York City Board of Education (hereinafter the Board) as a defendant. Since the statute of limitations applicable to the plaintiffs' action had expired by the time of the plaintiffs' motion, the plaintiffs were required to rely upon the relation-back doctrine to demonstrate that the claim against the Board should relate back to the date of the commencement of the action in November 2005. It was thus incumbent upon the plaintiffs to establish that (1) the

claims against the City of New York and the Board "arose out of the same conduct, transaction or occurrence," (2) the Board is united in interest with the City, "and by reason of that relationship can be charged with such notice of the institution of the action that the [Board] will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement," and (3) the Board "knew or should have known that, but for [a] . . . mistake by the plaintiff in originally failing to identify all the proper parties, the action would have been brought against the additional party united in interest as well" (*Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 226 [1992]; *see Buran v Coupal*, 87 NY2d 173, 179-181 [1995]; *Arsell v Mass One LLC*, 73 AD3d 668 [2010]; *Brock v Bua*, 83 AD2d 61, 69 [1981]). As the Supreme Court correctly found, the plaintiffs failed to demonstrate that the Board and the City are united in interest (*see McClain v City of New York*, 65 AD3d 1020 [2009]; *Myers v City of New York*, 64 AD3d 546 [2009]; *Corzino v City of New York*, 56 AD3d 370 [2008]; *Perez v City of New York*, 41 AD3d 378 [2007]; *see also Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d at 225-226; *Davis v Larhette*, 39 AD3d 693, 694 [2007]; *Teer v Queens-Long Is. Med. Group*, 303 AD2d 488, 489 [2003]). Since the plaintiffs failed to establish this element of the relation-back doctrine, we need not address the remaining elements.

The City established, as a matter of law, that this action involved an accident that occurred on public school premises, and that it does not operate, maintain, or control the school (*see Indar v City of New York*, 71 AD3d 635 [2010]; *Leacock v City of New York*, 61 AD3d 827 [2009]), which falls under "the exclusive care, custody, and control of the Board of Education, an entity separate and distinct from the City" (*Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]; *see* New York City Charter § 521; Education Law § 2590-b [1] [a]; *McClain v City of New York*, 65 AD3d 1020 [2009]; *Myers v City of New York*, 64 AD3d 546 [2009]; *Leacock v City of New York*, 61 AD3d 827 [2009]; *Corzino v City of New York*, 56 AD3d 370 [2008]; *Perez v City of New York*, 41 AD3d 378 [2007]). Thus, the City demonstrated its prima facie entitlement to judgment of a matter of law and, in opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City's cross motion which was for summary judgment dismissing the complaint.

The plaintiffs' remaining contentions are without merit. Mastro, J.P., Leventhal, Hall and Lott, JJ., concur.