■ JANIS COHEN, Appellant, v CITY OF NEW YORK, Respondent. [989 NYS2d 296]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated November 13, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant, the City of New York, established its prima facie entitlement to judgment as a matter of law dismissing the complaint in this action arising from a slip-and-fall accident by showing that the accident occurred on public school premises, and that it does not operate, maintain, or control the public schools (*see Miner v City of New York*, 78 AD3d 669, 670 [2010]; *Indar v City of New York*, 71 AD3d 635 [2010]; *Leacock v City of New York*, 61 AD3d 827 [2009]), which are within "the exclusive care, custody, and control of the [New York City] Board of Education, an entity separate and distinct from the City" (*Bleiberg v City of New York*, 43 AD3d 969, 971 [2007]; *see* NY City Charter § 521; Education Law §§ 2554 [4]; 2590-b [1] [a]; *McClain v City of New York*, 65 AD3d 1020 [2009]; *Myers v City of New York*, 64 AD3d 546 [2009]; *Leacock v City of New York*, 61 AD3d at 827; *Corzino v City of New York*, 56 AD3d 370 [2008]; *Perez v City of New York*, 41 AD3d 378 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*cf. Bleiberg v City of New York*, 43 AD3d 969 [2007]). Accordingly, the Supreme Court properly granted the defendant's motion for

summary judgment, since it cannot be held liable for the negligent maintenance of school property (*see Leacock v City of New York*, 61 AD3d at 827; *Goldes v City of New York*, 19 AD3d 448, 449 [2005]; *Goldman v City of New York*, 287 AD2d 689, 689-690 [2001]). Eng, P.J., Leventhal, Lott and Roman, JJ., concur.