■ ELVIA ALTRECHE, Appellant, v CITY OF NEW YORK et al., Respondents. [996 NYS2d 105]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated December 4, 2012, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell in a school. The defendant City of New York established its prima facie entitlement to judgment as a matter of law by showing that the accident occurred on public school premises, and that it does not operate, maintain, or control the school (*see* NY City Charter § 521; Education Law § 2590-b [1] [a]; *Myers v City of New York,* 64 AD3d 546, 547 [2009]; *Leacock v City of New York,* 61 AD3d 827, 827 [2009]; *Bleiberg v City of New York,* 43 AD3d 969, 971 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the cause of action asserted against the defendant Department of Education of the City of New York (hereinafter the DOE), the defendants submitted evidence sufficient to establish, prima facie, that the DOE neither created the alleged wet condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (*see Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838 [1986]; *Zerilli v Western Beef Retail, Inc.,* 72 AD3d 681, 681 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Contrary to the plaintiff's contention, the DOE "was not required to cover all of its floors with mats, nor to continuously mop up all moisture resulting from tracked-in rain" (*Negron v St. Patrick's Nursing Home,* 248 AD2d 687, 687

[1998]; *see Naulo v New York City Bd. of Educ.*, 71 AD3d 651, 651 [2010]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Dillon, Duffy and Barros, JJ., concur.