■ VINCENT FALZONE, Appellant, v CITY OF NEW YORK et al., Respondents. [9 NYS3d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated December 5, 2013, which granted the defendants' motion for leave to amend their answer to assert the affirmative defense of release and pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion which were for leave to amend their answer to assert the affirmative defense of release and pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against the defendants the New York City Department of Education and the New York City Board of Education, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff, who was 23 years old at the time of the subject accident, paid a fee of between $100 and $150 to a basketball league in order to participate in the league. The league paid the defendant New York City Department of Education (hereinafter the DOE) the sum of $1,224 for a permit in order to use

the gymnasium at Public School 101 (hereinafter PS 101). On June 17, 2009, the plaintiff went to PS 101 to participate in a league basketball game. He signed a sign-in sheet, which contained a "Player Waiver, Release of Liability and Indemnification Agreement." The plaintiff was injured while playing in the game when his hand went through the glass window of a door which was behind one of the basketball hoops. The plaintiff commenced this action to recover damages for personal injuries against the defendants City of New York, the New York City Board of Education (hereinafter the BOE), and the DOE (hereinafter collectively the defendants). The defendants moved for leave to amend their answer to assert an affirmative defense of release and to dismiss the complaint pursuant to CPLR 3211 (a). The Supreme Court granted the motion. We modify.

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the City. The City established, as a matter of law, that this action involved an accident that occurred on public school premises, and that it does not operate, maintain, or control the school (see Miner v City of New York, 78 AD3d 669, 670 [2010]; Indar v City of New York, 71 AD3d 635, 637 [2010]; Leacock v City of New York, 61 AD3d 827 [2009]), which falls under "the exclusive care, custody, and control of the Board of Education, an entity separate and distinct from the City" (Miner v City of New York, 78 AD3d 669, 670 [2010]; see New York City Charter § 521; Education Law § 2590-b [1] [a]; McClain v City of New York, 65 AD3d 1020 [2009]; Myers v City of New York, 64 AD3d 546 [2009]; Bleiberg v City of New York, 43 AD3d 969, 971 [2007]).

However, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of release. Although leave to amend a pleading should be freely given (see CPLR 3025 [b]), a court should deny a motion for leave to amend if the proposed amendment is palpably insufficient, would prejudice or surprise the opposing party, or is patently devoid of merit (see Jones v LeFrance Leasing Ltd. Partnership, 127 AD3d 819 [2015]; Martin v Village of Freeport, 71 AD3d 745 [2010]). Here, the proposed amendment is patently devoid of merit. In support of their motion, in addition to submitting a copy of the subject release, the defendants submitted evidence establishing that the plaintiff paid a fee to participate in the league and the league paid a fee to the DOE for the use of the gymnasium. This evidence established that

the subject release is void pursuant to General Obligations Law § 5-326 (*see Howell v Dundee Fair Assn.*, 73 NY2d 804 [1988]; *cf. Brookner v New York Roadrunners Club, Inc.*, 51 AD3d 841, 841 [2008]; *Stuhlweissenburg v Town of Orangetown*, 223 AD3d 633 [1996]; *Stone v Bridgehampton Race Circuit*, 217 AD2d 541, 542 [1995]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of release. Further, since the defendants' submissions established that the affirmative defense of release was patently devoid of merit, the court also should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against the BOE and the DOE based on the subject release. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.