In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated November 30, 2012, as granted that branch of the motion of the defendants City of New York and Department of Education of the City of New York which was for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion, inter alia, for leave to continue discovery.
Ordered that the order is affirmed insofar as appealed from, with costs.
In the summer of 2006, the infant plaintiff, who was then 14 years old, allegedly was sexually assaulted by her former eighth-grade math teacher, the defendant Horace Bedeau. At the time of the incident, Bedeau was tutoring the infant plaintiff at his home. Thereafter, the infant plaintiff and her mother commenced this action alleging, inter alia, that the defendants City of New York and the New York City Department of Education (hereinafter NYCDOE; hereinafter together the city defendants) were liable for the negligent hiring, supervision, and retention of Bedeau. The city defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.
Initially, the City correctly contends that it was not a proper *917 party to this action, in which the plaintiffs seek to recover damages for the alleged negligence of the NYCDOE, an entity from which it is separate and distinct (see Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 953 [2015]; Cohen v City of New York, 119 AD3d 725 [2014]; Indar v City of New York, 71 AD3d 635, 637 [2010]).
Moreover, the Supreme Court properly granted that branch of the city defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against the NYCDOE. In support of the motion, the NYCDOE established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). All of the improper acts allegedly committed by Bedeau took place off school premises and outside of school hours, when the NYCDOE did not have custody or control of the infant plaintiff and had no duty to monitor or supervise Bedeau’s conduct (see Begley v City of New York, 111 AD3d 5, 23 [2013]; “John Doe 1” v Board of Educ. of Greenport Union Free Sch. Dist., 100 AD3d 703, 705 [2012]; Banks v New York City Dept. of Educ., 70 AD3d 988, 990 [2010]). Moreover, the NYCDOE demonstrated that the conduct of Bedeau was personally motivated, and constituted a complete departure from his duties as a NYCDOE employee, thereby negating any potential vicarious liability on the part of the NYCDOE for Bedeau’s tortious acts (see N.X. v Cabrini Med. Ctr., 97 NY2d 247, 251-252 [2002]; Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact.
The plaintiffs’ remaining contentions are without merit. Rivera, J.R, Balkin, Duffy and LaSalle, JJ., concur.