■ MICHAEL MOSHEYEV, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [39 NYS3d 832]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered July 15, 2015, which granted those branches of the defendants' motion which were to dismiss the complaint insofar as asserted against the defendant the New York City Department of Education pursuant to CPLR 3211 (a) (7) and for summary judgment dismissing the complaint insofar as asserted against the defendant City of New York.

Ordered that the order is affirmed, with costs.

In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (*see* Education Law § 3813 [2]; General Municipal Law § 50-i [1]; *Matter of Quinn v Wallkill Cent. Sch. Dist. Bd. of Educ.*, 131 AD3d 1063, 1063 [2015]; *Robinson v Board of Educ. of City Sch. Dist. of City of N.Y.*, 104 AD3d 666, 666 [2013]; *Bazile v City of New York*, 94 AD3d 929, 929 [2012]).

Here, the plaintiff's service of a late notice of claim upon the defendant New York City Department of Education (hereinafter the DOE) was a nullity because it was made without leave of court (*see Chtchannikova v City of New York*, 138 AD3d 908, 909 [2016]; *Robinson v Board of Educ. of City Sch. Dist. of City of N.Y.*, 104 AD3d at 666; *Wollins v New York City Bd. of Educ.*, 8 AD3d 30, 31 [2004]). As the plaintiff failed to seek leave to serve a late notice of claim or to deem the notice of claim timely served nunc pro tunc before the statute of limitations expired, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against the DOE (*see Chtchannikova v City of New York*, 138 AD3d at 909; *Robinson v Board of Educ. of City Sch. Dist. of City of N.Y.*, 104 AD3d at 666).

The defendant City of New York established its prima facie entitlement to judgment as a matter of law by showing that the accident occurred on public school premises, and that it does not operate, maintain, or control the public schools (*see Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 953 [2015]; *Cohen v City of New York*, 119 AD3d 725, 725 [2014]; *Padilla v Department of Educ. of the City of N.Y.*, 90 AD3d 458 [2011]; *Leacock v City of New York*, 61 AD3d 827, 828 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to the City's liability. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City.

The defendants' remaining contentions need not be reached in light of our determination. Leventhal, J.P., Maltese, LaSalle and Brathwaite Nelson, JJ., concur.