Matter of Miskin v City of New York (2019 NY Slip Op 06394)





Matter of Miskin v City of New York


2019 NY Slip Op 06394


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-04839
 (Index No. 85267/17)

[*1]In the Matter of Susan Miskin, appellant,
v
City of New York, respondent.


Howard M. File, Staten Island, NY (Martin Rubenstein of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Dona B. Morris of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5), the petitioner appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 20, 2018. The order denied the petition for leave to serve a late notice of claim and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On October 6, 2016, the petitioner, a speech therapist employed by the New York City Department of Education (hereinafter the DOE), allegedly was injured when she slipped and fell while walking on a paved roadway located in front of the Susan Wagner High School Performing Arts Center in Staten Island. By order to show cause dated December 26, 2017, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
In determining whether to grant a petition for leave to serve a late notice of claim, a court must consider all relevant facts and circumstances, including whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the public corporation in its defense (see General Municipal Law § 50-e[5]; Constantino v City of New York, 165 AD3d 1225, 1225-1226; Matter of Ashkenazie v City of New York, 165 AD3d 785; Kelly v City of New York, 153 AD3d 1388, 1388-1389). "The presence or absence of any one factor is not necessarily determinative, but whether the public corporation had actual knowledge of the essential facts constituting the claim is the most important, based on its placement in the statute and its relation to other relevant factors" (Matter of Quinones v City of New York, 160 AD3d 874, 876 [internal quotation marks omitted]; see Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007).
Here, the petitioner failed to establish that the City acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1414-1415; Horn v Bellmore Union Free Sch. Dist., 139 AD3d at 1007). The petitioner's filing of an injury report with the New York City Board of Education, as well as applications for sick leave with the [*2]DOE—both of which are entities that are separate and distinct from the City (see Tanaysha T. v City of New York, 130 AD3d 916, 917; McClain v City of New York, 65 AD3d 1020; Matter of Ealey v City of New York, 204 AD2d 720, 721)—did not provide actual notice of the facts constituting the petitioner's claim that she slipped and fell on "loose paving debris" as a result of the City's negligence. The injury report merely indicated that the petitioner fell after stepping on "rock/tar rock" and made no reference to the claims listed in the proposed notice of claim, inter alia, that the City was negligent in creating a dangerous condition (see Matter of Bermudez v City of New York, 167 AD3d 733, 734; Matter of Zelin v Blind Brook-Rye Union Free Sch. Dist., 164 AD3d 1352, 1353-1354; Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Quinones v City of New York, 160 AD3d at 876; Matter of Maldonado v City of New York, 152 AD3d 522, 523).
Furthermore, the petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim. The petitioner's failure to ascertain that the City was responsible for paving and maintaining the subject roadway was attributable to a lack of due diligence in investigating the matter, which is an unacceptable excuse (see Constantino v City of New York, 165 AD3d at 1226; Matter of Quinones v City of New York, 160 AD3d at 876; Kelly v City of New York, 153 AD3d at 1389). Moreover, given the transitory nature of the defect upon which the petitioner allegedly fell and her delay of nearly one year in serving a notice of claim upon the City, the petitioner failed to sustain her initial burden of presenting "some evidence or plausible argument" that granting the petition would not substantially prejudice the City in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Ashkenazie v City of New York, 165 AD3d at 787; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 850; see also Matter of Lawhorne v City of New York, 133 AD3d 856, 857; Matter of Sanchez v City of New York, 116 AD3d 703, 704),
Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court