Cacciuottolo v City of New York (2021 NY Slip Op 50579(U))

[*1]

Cacciuottolo v City of New York

2021 NY Slip Op 50579(U) [72 Misc 3d 127(A)]

Decided on June 21, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 21, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-407 K C

Gina Cacciuottolo, Respondent,
against
The City of New York, Appellant, The New York City Department of
Education and Vales Construction Corp., Defendants. 

Corporation Counsel of the City of NY (D. Alan Rosinus, Jr., James E. Johnson and Ingrid R.
Gustafson of counsel), for appellant.
The Altman Law Firm, PLLC (Michael T. Altman of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Ira R.
Greenberg, J.), entered December 19, 2019. The order denied a motion by defendant The City of
New York for summary judgment dismissing the complaint insofar as asserted against it.

ORDERED that the order is reversed, without costs, and the motion by defendant The City
of New York for summary judgment dismissing the complaint insofar as asserted against it is
granted.
Plaintiff commenced this action in the Supreme Court, Kings County, against The City of
New York (the City), among others, to recover for personal injuries that she allegedly sustained
when she fell on a sidewalk on her way to her job at a New York City public school in Brooklyn.
The notice of claim stated, among other things, that plaintiff had tripped and fallen due to the
negligence of the City in causing and permitting the sidewalk to become and remain in a broken
condition, causing a tripping hazard. After issue was joined, the matter was transferred to the
Civil Court pursuant to CPLR 325 (d). 
The City, which is the only remaining defendant, moved for summary judgment dismissing
all claims against it on the issue of liability, asserting that the incident had occurred on
Department of Education (DOE) property, which the City does not operate, maintain or [*2]control. The City supported its motion with, among other things, a
transcript of plaintiff's testimony at an examination before trial, in which she acknowledged that
the incident occurred on DOE property. Plaintiff opposed the motion. By order entered December
19, 2019, the Civil Court denied the City's motion.
The City made a prima facie showing that it is not liable to plaintiff for the incident at issue,
which occurred on public school premises. The City does not operate, maintain, or control the
public school, which falls under "the exclusive care, custody and control of the [New York City]
Board of Education, an entity separate and distinct from the City" (Bleiberg v City of New
York, 43 AD3d 969, 971 [2007]; see NY City Charter § 521; Myers v City
of New York, 64 AD3d 546 [2009]), and "the City cannot be held liable for the negligent
maintenance of school property" (Goldes v City of New York, 19 AD3d 448, 449 [2005];
see Myers, 64 AD3d at 547; Cruz v City of New York, 288 AD2d 250 [2001];
Goldman v City of New York, 287 AD2d 689 [2001]). In opposition to the City's motion,
plaintiff never proved, nor even specifically ever alleged in any of its prior notices and papers,
that the City had "affirmatively created the dangerous condition" (Myers, 64 AD3d at
547). Consequently, defendant should have been granted summary judgment dismissing the
complaint insofar as asserted against it.
Accordingly, the order is reversed and the motion by defendant The City of New York for
summary judgment dismissing the complaint insofar as asserted against it is granted.
ALIOTTA, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 21, 2021