Giannikas v City of New York (2022 NY Slip Op 06231)

Giannikas v City of New York

2022 NY Slip Op 06231

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-01995 
2020-01996
 (Index No. 712412/18)

[*1]Irina Giannikas, appellant, 
v
City of New York, respondent.

Glassman Law Group, Hewlett Harbor, NY (Adam D. Glassman of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Daniel Matza-Brown and Scott Shorr of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from two orders of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), both entered December 31, 2019. The first order granted the defendant's motion for summary judgment dismissing the complaint. The second order denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff commenced this action in 2018 against the City of New York, alleging that she was injured after she misstepped on the edge of a step that was too short and which was located immediately outside the front door of a public school building in Queens. The City moved for summary judgment dismissing the complaint, and the plaintiff moved for summary judgment on the issue of liability. In an order entered December 31, 2019, the Supreme Court granted the City's motion. In a second order, also entered December 31, 2019, the court denied, as academic, the plaintiff's motion. The plaintiff appeals.
The City established its prima facie entitlement to judgment as a matter of law by demonstrating that the injury occurred on public school premises, and that it does not operate, maintain, or control the school (see NY City Charter § 521; NY Education Law §§ 2551, 2554[4]; Dilligard v City of New York, 170 AD3d 955, 957; Altreche v City of New York, 122 AD3d 556, 556).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, the evidence she submitted in opposition to the City's motion did not establish that the City affirmatively created the alleged defect (see Myers v City of New York, 64 AD3d 546, 547). Moreover, the plaintiff did not provide any evidence to suggest that the City retained control over the premises or retained a right to re-enter the premises and repair the area at issue, so as to impose liability upon it for any alleged violation of Administrative Code of the City of New York § 27-371(h) (cf. Denermark v 2857 W. 8th St. Assoc., 111 AD3d 660, 661).
Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint and properly denied, as academic, the plaintiff's motion for summary judgment on the issue of liability.
DUFFY, J.P., CHRISTOPHER, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court