■ DOROTHY STONE, Respondent, v BRIDGEHAMPTON RACE CIRCUIT et al., Appellants. [629 NYS2d 80] —In a negligence action to recover damages for personal injuries, the defendants

appeal from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered April 25, 1994, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The plaintiff was injured when she was struck by a race car while in the pit-crew area during the Bridgehampton Rally. The rally was a nonspectator race and the plaintiff did not pay a fee upon entering the gate to the pit-crew area. The plaintiff's son was driving in the rally and the plaintiff contended that she was a member of her son's pit crew. The defendants moved for summary judgment dismissing the plaintiff's complaint based, *inter alia,* on the waiver, release, and indemnification agreement executed by the plaintiff prior to entering the pit area. The court denied the defendants' motion on the ground that there was question of fact as to whether the entry fee paid by the plaintiff's son upon filing the official entry form, for "each car entered" in the rally, was a fee paid on behalf of the plaintiff and whether the plaintiff was a "user" within the meaning of General Obligations Law § 5-326. We do not agree. General Obligations Law § 5-326 provides, in part, that: "Every * * * agreement * * * in connection with, or collateral to, any * * * ticket of admission * * * entered into between the owner or operator of any * * * place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable."

"The legislative history of General Obligations Law § 5-326 (L 1976, ch 414, § 1) establishes that it was a consumer protection measure based upon an assessment that members of the general public patronizing proprietary recreational and amusement facilities are commonly either entirely unaware of the existence of exculpatory clauses in admission tickets or membership applications or are unappreciative of the legal consequences thereof (*see,* Governor's Bill Jacket, L 1976, ch 414, § 1)" (*Owen v R.J.S. Safety Equip.,* 169 AD2d 150, 156-157, *affd* 79 NY2d 967).

To void a release of liability executed by a user of a recreational facility pursuant to General Obligations Law

§ 5-326, the individual must have paid a fee for use of the facility (*see, Miranda v Hampton Auto Raceway*, 130 AD2d 558 [release signed by plaintiff was void under statute "since (plaintiff) * * * paid a fee to use the defendant's racing facility and was injured while engaged in the activity for which he paid the fee and signed the release"]; *cf., Lago v Krollage*, 78 NY2d 95, 100 [membership fee, paid by plaintiff four months prior to race was not "fee or other compensation for the use of (any) such facilit(y)" within meaning of statute]; *Beardslee v Blomberg*, 70 AD2d 732 [statute not applicable by its terms insofar as the release executed by injured party was neither "in (n)or in connection with, or collateral to" plaintiff's admission ticket]).

Here, the plaintiff has failed to produce any evidence to raise a genuine issue of material fact as to whether she paid a fee for admission to, or use of the defendants' racetrack facility. Accordingly, General Obligations Law § 5-326 does not void the release and indemnification agreements executed by the plaintiff prior to her entering the racetrack on the day of the accident. Therefore, the defendants' motion should have been granted as a matter of law. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.