■ DEBORAH STUHLWEISSENBURG, Appellant, v TOWN OF ORANGETOWN et al., Respondents. [636 NYS2d 853] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Miller, J.), dated June 7, 1994, which granted the motion of the defendant Town of Orangetown for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion to dismiss the fifth affirmative defense, and (2) a judgment of the same court, entered June 27, 1994, which dismissed the complaint insofar as it was asserted against the Town of Orangetown.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see, CPLR 5501 [a] [1]).*

The plaintiff commenced this action as a result of injuries she sustained when she slid into third base while playing softball at Veterans Field in Orangeburg. The plaintiff was a member of a softball team known as the White Knights. The sponsor of her team allegedly paid a $400 fee to the Town of Orangetown.

After interposing an answer, the Town moved to amend the answer to assert the affirmative defense of the plaintiff's execution of a waiver of liability. The plaintiff opposed the motion, contending that pursuant to General Obligations Law § 5-326, any waiver of liability was void as against public policy.

The court granted the Town's motion, noting that while it is undisputed that the sponsor of the plaintiff's softball team paid a fee to the Town, without which the team would not have been allowed to use the Town's softball field in league competition, there was no proof whatsoever that the plaintiff paid a fee. We agree.

General Obligations Law § 5-326, a consumer protection measure (L 1976, ch 414, § 1); provides, in part, that: "Every * * * agreement * * * in connection with, or collateral to, any * * * ticket of admission * * * entered into between the owner or operator of any * * * place of amusement or recreation, or similar establishment and the user of such facilities, pursuant to which such owner or operator receives a fee or other compensation for the use of such facilities, which exempts the said owner or operator from liability for damages caused by or resulting from the negligence of the owner, operator or person in charge of such establishment, or their agents, servants or employees, shall be deemed to be void as against public policy and wholly unenforceable."

To void a release of liability executed by a user of a recreational facility pursuant to General Obligations Law § 5-326, the individual must have paid a fee for use of the facility (see, Stone v Bridgehampton Race Circuit, 217 AD2d 541; Miranda v Hampton Auto Raceway, 130 AD2d 558; Lago v Krollage, 78 NY2d 95, 100 [membership fee paid by plaintiff four months prior to race was not "fee or other compensation for the use of (any) such facilit(y)" within meaning of statute]; Beardslee v Blomberg, 70 AD2d 732 [statute not applicable by its terms insofar as the release executed by injured party was neither "in (n)or in connection with, or collateral to" the plaintiff's admission ticket]).

Here, the plaintiff has failed to produce any evidence that she paid a fee for admission to, or use of, the Town's softball field. Accordingly, General Obligations Law § 5-326 does not

void the release executed by the plaintiff prior to participating in her softball game.

Accordingly, as a matter of law, the plaintiff's waiver of liability was not "void as against public policy and wholly unenforceable" pursuant to General Obligations Law § 5-326. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.