■ NATASHA BURROWS, by Her Parent and Natural Guardian, LYNN BURROWS, et al., Appellants, v UNION FREE SCHOOL DISTRICT OF THE TARRYTOWNS, Respondent. [673 NYS2d 463] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered May 29, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Natasha Burrows, then almost 16 years old, was injured while on a sled-like ride called the Alpine Slide at an amusement park in Vernon, New Jersey. At the time, she was attending an alcohol-free weekend event that was organized, planned, and supervised by the Students Assistance Corporation (hereinafter the SAC). The SAC is an independent organization under contract with the defendant school district to provide drug and alcohol awareness and prevention programs to students. The event was sponsored by the defendant, which provided bus service to the park. The main supervisor and organizer of the event was an employee of the SAC. Prior to arriving at the park, the supervisor warned the students that the Alpine Slide might be dangerous and advised them not to ride it. However, Natasha ignored this advice and rode the Alpine Slide twice. On her second ride, she suffered injuries to the right side of her body when she leaned out of her sled. Natasha and her parents thereafter commenced this action against the defendant, alleging, inter alia, negligent supervision. In the order appealed from, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

The plaintiffs failed to raise a triable issue of fact that the defendant, as the sponsor of the outing, had the authority or ability to supervise or control the events at issue and that it, therefore, owed a duty to Natasha (compare, Mongello v Davos Ski Resort, 224 AD2d 502; McGrath v United Hosp., 167 AD2d 518; Vogel v West Mtn. Corp., 97 AD2d 46; Hores v Sargent, 230 AD2d 712). In any event, because Natasha was aware of and appreciated the obvious risk involved with the ride, and

voluntarily assumed the risk, the defendant satisfied any duty it owed her when the supervisor warned the students that the Alpine Slide might be dangerous and advised them not to ride it (see, Morgan v State of New York, 90 NY2d 471; Benitez v New York City Bd. of Educ., 73 NY2d 650; Cody v Massapequa Union Free School Dist. No. 23, 227 AD2d 368; Cardoza v Village of Freeport, 205 AD2d 571). Accordingly, the complaint was properly dismissed. Miller, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.