CAROLYN FAZZINGA et al., Appellants, v WESTCHESTER TRACK CLUB et al., Respondents, et al., Defendant. [851 NYS2d 278]—

In an action to recover damages for wrongful death, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 31, 2006, which granted the motion of the defendants Westchester Track Club, Westchester Road Runners Club, Inc., and PepsiCo, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The decedent collapsed and died after completing a five kilometer foot race sponsored by the defendant PepsiCo, Inc. (hereinafter PepsiCo), and organized by the defendants West-

chester Track Club (hereinafter WTC) and Westchester Road Runners Club, Inc. (hereinafter WRRC). The race was held on the campus of the State University of New York at Purchase and involved approximately 175 runners. According to medical records obtained during disclosure, the decedent had taken various medications to control high cholesterol, was often overweight, and on at least two occasions received abnormal outcomes on "stress" tests. Further, heart disease ran in his family, with two half-siblings suffering heart attacks in their 30's and his father dying at a young age from a heart condition. The autopsy report listed the cause of death as "occlusive coronary atherosclerosis, natural."

The plaintiffs commenced this action, inter alia, to recover damages for wrongful death. They alleged that the defendants owed a duty to provide "reliable, accessible and appropriate first aid and emergency medical services for the participants" of the race, and that the breach of that duty "directly contributed to the [decedent's] death, as he did not promptly receive medical attention where such treatment would have saved his life." The Supreme Court granted the motion of WTC, WRRC, and PepsiCo, for summary judgment dismissing the complaint insofar as asserted against them. We affirm.

The Supreme Court properly granted summary judgment dismissing the complaint insofar as asserted against PepsiCo on the ground that it was a mere sponsor of the race and did not supervise or control the events at issue (*see e.g. Mercer v City of New York*, 255 AD2d 368 [1998]; *Burrows v Union Free School Dist. of Tarrytowns*, 250 AD2d 799 [1998]; *Megna v Newsday, Inc.*, 245 AD2d 494 [1997]). Thus, the dismissal of the complaint as against PepsiCo on that ground is affirmed.

The complaint properly was dismissed insofar as asserted against the WTC and WRRC, based on the waiver and release signed by the decedent prior to the race. The plaintiffs argue that the waiver and release violates General Obligations Law § 5-326, and, therefore, is void as against public policy and wholly unenforceable. However, General Obligations Law § 5-326 is not applicable to the facts as alleged (*see Lago v Krollage*, 78 NY2d 95 [1991]; *Tedesco v Triborough Bridge & Tunnel Auth.*, 250 AD2d 758 [1998]). "The legislative history of General Obligations Law § 5-326 (L 1976, ch 414, § 1) establishes that it was a consumer protection measure based upon an assessment that members of the general public patronizing proprietary recreational and amusement facilities are commonly either entirely unaware of the existence of exculpatory clauses in admission tickets or membership applications or are unapprecia-

tive of the legal consequences thereof (*see* Governor's Bill Jacket, L 1976, ch 414, § 1)" (*Owen v R.J.S. Safety Equip.*, 169 AD2d 150, 156-157 [1991], *affd* 79 NY2d 967 [1992]; *see Stone v Bridgehampton Race Circuit*, 217 AD2d 541 [1995]). Here, the decedent was not a member of the general public patronizing a proprietary recreational or amusement facility who was unaware or could not appreciate the consequences of an exculpatory clause in an admission ticket or a membership application. The plaintiffs also argue that the waiver and release may not be enforced by the WRRC, because it was not named therein and is a separate and distinct entity from WTC, which was named. However, there is unrebutted evidence that the purportedly distinct entities are one and the same.

In light of our determination, we need not reach the parties' remaining contentions. Spolzino, J.P., Ritter, Dillon and Dickerson, JJ., concur.