■ LARRY BROOKNER, Appellant, v NEW YORK ROADRUNNERS CLUB, INC., et al., Respondents. [858 NYS2d 348]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Ambrosio, J.), dated December 18, 2006, which, in effect, granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint insofar as asserted against the defendant New York Roadrunners Club, Inc., and (2), as limited by his brief, from so much of an order of the same court dated February 8, 2007, as, in effect, granted that branch of the defendants' motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint insofar as asserted against the defendant City of New York.

Ordered that the order dated December 18, 2006 is affirmed; and it is further,

Ordered that the order dated February 8, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff commenced this action to recover damages after he allegedly sustained injuries while participating in the 2004 ING Marathon in New York City. Prior to the event, the plaintiff signed a waiver and release, which unambiguously stated his intent to release the defendants from any liability arising from ordinary negligence (*see Bufano v National Inline Roller Hockey Assn.,* 272 AD2d 359, 359-360 [2000]; *cf. Gross v Sweet,* 49 NY2d 102, 109-110 [1979]; *Doe v Archbishop Stepinac High School,* 286 AD2d 478, 479 [2001]). In light of this waiver and release,

the Supreme Court properly granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) insofar as asserted against the defendants New York Road Runners Club, Inc. (hereinafter NYRRC) and City of New York (*see Fazzinga v Westchester Track Club,* 48 AD3d 410 [2008]; *see also Booth v 3669 Delaware,* 92 NY2d 934 [1998]; *Lee v Boro Realty, LLC,* 39 AD3d 715, 716 [2007]; *Koster v Ketchum Communications,* 204 AD2d 280 [1994]).

Contrary to the plaintiff's contentions, General Obligations Law § 5-326 does not invalidate the release, since the entry fee the plaintiff paid to the NYRRC was for his participation in the marathon, and was not an admission fee allowing him to use the City-owned public roadway over which the marathon was run (*see Stuhlweissenburg v Town of Orangetown,* 223 AD2d 633, 634 [1996]). Further, the public roadway in Brooklyn where the plaintiff alleges he was injured is not a "place of amusement or recreation" (*Tedesco v Triborough Bridge & Tunnel Auth.,* 250 AD2d 758 [1998]; *see Fazzinga v Westchester Track Club,* 48 AD3d 410 [2008]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.