In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated November 29, 2012, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
On June 28, 2009, the plaintiff allegedly was injured when the Segway vehicle on which she was riding became stuck in the mud, causing her to fall. The plaintiff had rented the Segway from the defendant and, at the time she was injured, she was taking a tour, conducted by two of the defendant’s employees, along a public trail in Sullivan County. Prior to participating in the tour, the plaintiff signed a waiver and release unambiguously expressing her intent to release the defendant from liability, even if injury was caused by the defendant’s negligence. The plaintiff commenced this action, alleging that her injuries were caused by the negligence of the defendant in, among other things, conducting the tour along a trail that was too muddy for Segway vehicles to traverse safely. Following the conclusion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, and the defendant appeals.
“Absent a statute or public policy to the contrary, a contractual provision absolving a party from its own negligence will be enforced” (Sommer v Federal Signal Corp., 79 NY2d 540, 553 [1992]; see Princetel, LLC v Buckley, 95 AD3d 855, 855-856 [2012]; cf. Gross v Sweet, 49 NY2d 102, 106 [1979]). Here, the defendant established its prima facie entitlement to judgment as a matter of law by producing the waiver and release signed by the plaintiff (see Brookner v New York Roadrunners Club, Inc., 51 AD3d 841, 842 [2008]; Bufano v National Inline Roller Hockey Assn., 272 AD2d 359, 359-360 [2000]). Further, contrary *777 to the plaintiffs contention, General Obligations Law § 5-326 does not invalidate the release because the fee she paid to the defendant was for the rental of the Segway vehicle, and was not an admission fee for the use of the public trail over which the tour was conducted (see Brookner v New York Roadrunners Club, Inc., 51 AD3d at 841-842; Stuhlweissenburg v Town of Orangetown, 223 AD2d 633, 634 [1996]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the defendant’s motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant’s remaining contentions.
Balkin, J.E, Dickerson, Roman and Miller, JJ., concur.