Marc v Middle Country Cent. Sch. Dist. (2020 NY Slip Op 03654)





Marc v Middle Country Cent. Sch. Dist.


2020 NY Slip Op 03654


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-01809
 (Index No. 3015/16)

[*1]Murat Marc, appellant, 
v
Middle Country Central School District, et al., respondents.


Siben & Siben, LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Havkins Rosenfeld Ritzert & Varriale, LLP, New York, NY (Michelle L. Bochner, Lindsay Kaplow, and Carla Varriale of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated December 11, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint is denied.
On October 4, 2015, the plaintiff, while playing in a flag football game on a field located on the grounds of Newfield High School in Selden, which is owned by the defendant Middle Country Central School District, allegedly injured his left foot when he jumped and landed on a sprinkler head in an attempt to catch a football thrown by his team's quarterback. At the time of the subject accident, the plaintiff, who was a member of the defendant Long Island Flag Football League, Inc., was playing for his team, the "Fat Sacks," in a league-sponsored game. It is undisputed that earlier on the day of the accident the plaintiff signed a "WAIVER AND RELEASE OF LIABILITY" document before playing on the subject field. The plaintiff commenced the instant action against Middle Country Central School District, Long Island Flag Football League, Inc., and Long Island Flag Football, Inc., to recover damages for the personal injuries he sustained as a result of the accident, alleging that the defendants were negligent. Prior to issue being joined, the defendants moved pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint. In an order dated December 11, 2017, the Supreme Court granted the motion. The plaintiff appeals.
In support of their motion to dismiss the amended complaint, the defendants submitted, inter alia, a copy of the waiver and release of liability document signed by the plaintiff, which, by its terms, barred the instant action against them (see Sacchetti-Virga v Bonilla, 158 AD3d 783, 784; Brookner v New York Roadrunners Club, Inc., 51 AD3d 841). Prior to the flag football game in which the accident occurred, the plaintiff signed the waiver and release, which unambiguously stated his intent to release the defendants from any liability arising from ordinary negligence (see Brookner v New York Roadrunners Club, Inc., 51 AD3d at 841).
In opposition, the plaintiff contended that the waiver and release was barred by [*2]General Obligations Law § 5-326 because he had paid a fee to participate in the flag football league and this fee was paid to the school district for use of the field on which he played (see Falzone v City of New York, 128 AD3d 889, 890). The defendants responded by arguing that no fees were paid to the school district for use of the field. However, this merely raised an issue of fact which cannot be resolved at this stage of the proceeding (see generally Sacchetti-Virga v Bonilla, 158 AD3d at 784).
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a)(1) and (5) to dismiss the amended complaint.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court