Durand v Salvation Army (2020 NY Slip Op 04919)





Durand v Salvation Army


2020 NY Slip Op 04919


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-09286
 (Index No. 2333/15)

[*1]George A. Durand, appellant, 
v
Salvation Army, respondent; Delgado Home Improvements, Inc., et al., third-party defendants; Friends of Freeport NY, Inc., fourth-party defendant.


George A. Durand, Freeport, NY, appellant pro se.
Alfred F. Lucia, Jr., Garden City, NY, for respondent.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Catherine F. Cavanagh of counsel), for third-party defendant Taiyo Corporation.
Melissa H. Luckman, Deer Park, NY, for fourth-party defendant.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered August 3, 2017. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action arises out of certain work performed on the plaintiff's home to repair damage caused by Hurricane Sandy. In March 2015, the plaintiff commenced this action against the defendant, inter alia, to recover damages for injury to his property, alleging, among other things, that he did not agree to demolition work performed throughout the first floor of his home, but rather only agreed to the replacement of cracked kitchen tiles, and that various items of his personal property were thrown away during the work. The defendant moved for summary judgment dismissing the complaint, arguing, inter alia, that the "credible evidence" showed that the plaintiff agreed to the scope of the demolition work in his home and that none of the plaintiff's personal property was thrown away during the work. The defendant also asserted that the plaintiff's claims were barred by his execution of a general release and waiver of liability. In an order entered August 3, 2017, the Supreme Court, among other things, granted the defendant's motion. The plaintiff appeals.
Contrary to the defendant's contention, it failed to eliminate triable issues of fact as to whether the plaintiff was aware of and agreed to the scope of the demolition work in his home, and whether the plaintiff's personal property was thrown away without his consent, since the plaintiff's deposition testimony was in conflict with the deposition testimony relied upon by the defendant (see Baptiste v Ditmas Park, LLC, 171 AD3d 1001, 1003; Castlepoint Ins. Co. v Command Sec. Corp., 144 AD3d 731, 733). " It is not the court's function on a motion for summary [*2]judgment to assess credibility'" (Silva v FC Beekman Assoc., LLC, 92 AD3d 754, 756, quoting Ferrante v American Lung Assn., 90 NY2d 623, 631; see Zalewski v MH Residential 1, LLC, 163 AD3d 900). Here, the plaintiff's testimony was not incredible as a matter of law or unworthy of belief, but rather, raised issues of credibility to be resolved by a factfinder (see Merino v Tessel, 166 AD3d 760, 761). The defendant also failed to eliminate triable issues of fact as to whether it directed the demolition work at the plaintiff's home and as to the degree of supervision the defendant exercised over that work.
Nevertheless, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by presenting the general release and waiver of liability signed by the plaintiff (see Deutsch v Woodridge Segway, LLC, 117 AD3d 776). "Generally, a valid release constitutes a complete bar to an action on a claim which is the subject of the release'" (Herson v Kalenscher-Kirschenfeld, 164 AD3d 481, 482, quoting Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276). " If the language of a release is clear and unambiguous, the signing of a release is a jural act binding on the parties'" (Burnside 711, LLC v Amerada Hess Corp., 175 AD3d 557, 559, quoting Nucci v Nucci, 118 AD3d 762, 763). Here, the release clearly and unequivocally expressed the intention of the parties to relieve the defendant of liability for the subject claims (see Boateng v Motorcycle Safety School, Inc., 51 AD3d 702, 703). In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court