Allstate Ins. Co. v Parkside Fuel, Inc. (2023 NY Slip Op 04649)

Allstate Ins. Co. v Parkside Fuel, Inc.

2023 NY Slip Op 04649

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2021-03317
 (Index No. 618492/19)

[*1]Allstate Insurance Company, etc., appellant,
v
Parkside Fuel, Inc., etc., respondent.

Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola, NY (Neil Khiani and Joseph T. Darr of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville, NY (Mark J. Volpi of counsel), for respondent.

DECISION & ORDER
In a subrogation action to recover certain damages paid by the plaintiff to its insured, the plaintiff appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated April 19, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On January 5, 2018, certain real property owned by nonparty Joseph Cognitore allegedly was damaged when pipes in Cognitore's house froze and burst. Pursuant to Cognitore's insurance policy, Allstate Insurance Company (hereinafter Allstate) paid the sum of $142,075.29 to Cognitore for repairs arising from the alleged damage. In September 2019, Allstate commenced this subrogation action to recover damages paid to Cognitore. Allstate alleged that the defendant, a heating oil supplier, was responsible for the pipes freezing. Pursuant to a service agreement, the defendant was responsible for providing oil to the subject property and servicing the home's boiler and heating system. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated April 19, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"Absent a statute or public policy to the contrary, a contractual provision absolving a party from its own negligence will be enforced" (Sommer v Federal Signal Corp., 79 NY2d 540, 553; see Deutsch v Woodridge Segway, LLC, 117 AD3d 776, 776). Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting the service agreement showing that maintenance of "piping" was not covered under the agreement, and that it was not responsible for frozen pipes or any property damage resulting therefrom. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The parties' remaining contentions either need not be reached in light of our determination, are not properly before this Court, or are without merit.
Accordingly, the Supreme Court properly granted the defendant's motion for [*2]summary judgment dismissing the complaint.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court