Caccioppoli v Mayfair Hous., LLC (2025 NY Slip Op 05061)

Caccioppoli v Mayfair Hous., LLC

2025 NY Slip Op 05061

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-12920
 (Index No. 66389/22)

[*1]Shirley Caccioppoli, appellant, 
v
Mayfair Housing, LLC, et al., respondents.

Leav & Steinberg, LLP, New York, NY (Edward A. Steinberg and Daniela F. Henriques of counsel), for appellant.
Federico Schwartz Merolesi & Lyddane LLP, New York, NY (Jill W. Laurence and Heidi J. Lewis of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Robert S. Ondrovic, J.), dated October 1, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she walked through a metal gate at an apartment complex and the gate swung after her, striking her ankle. The defendants moved for summary judgment dismissing the complaint on the ground that the accident could not have occurred in the manner described by the plaintiff. In support of the motion, the defendants submitted, among other things, the affidavit of an engineer who inspected the gate in question approximately two years after the plaintiff's accident. The engineer opined that the accident could not have occurred as the plaintiff claimed because when the gate was unlatched and allowed to swing open, gravity and the gate's installation would cause it to lodge in the grass and it would be impossible for it to swing freely. The defendants also submitted a transcript of the plaintiff's deposition testimony wherein she testified that the gate swung closed behind her, striking her ankle. In an order dated October 1, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Zuckerman v City of New York, 49 NY2d 557, 562). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). "It is not the court's function on a motion for summary judgment to assess credibility" (Ferrante v American Lung Assn., 90 NY2d 623, 631).
Here, the defendants failed to meet their burden of establishing the absence of any [*2]material issues of fact from the case. The defendants' engineer's opinion, which contradicted the plaintiff's account of how the accident occurred, merely created issues of fact and credibility to be resolved by the factfinder (see Cabrera v Provident Alpine Partners, L.P., 239 AD3d 814, 817; Rivas v Purvis Holdings, LLC, 222 AD3d 676, 677; McRae v Venuto, 136 AD3d 765, 766). Contrary to the defendants' contention, they did not establish that the plaintiff's testimony was unworthy of belief or incredible as a matter of law (see Joseph-Felix v Hersh, 208 AD3d 571, 573; Durand v Salvation Army, 186 AD3d 1325, 1326; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 983). Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied the motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions need not be reached in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court